IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS LEON HART, #1529437** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-2505-P-BK |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition be denied.

## I.   BACKGROUND

Petitioner was convicted of theft of property (a tractor-trailer truck) and sentenced to life imprisonment. *State v. Hart*, No. F08-00846 (6th District Court, Dallas County, Sep. 4, 2008), *aff'd*, No. 05-08-01225-CR, 2010 WL 851405 (Tex. App.–Dallas Feb. 26, 2010, pet ref'd). The Texas Court of Criminal Appeals then denied his state habeas application. *See Ex part Hart*, No. WR-39,596-04 at Action Taken Sheet (Tex. Crim. App. Jun. 6, 2012) (denied without written order).[1]

In this timely federal petition, Petitioner claims trial counsel was ineffective and the trial court erred in admitting evidence. (Doc. 3 at 7). Respondent argues the petition lacks merit. (Doc. 10). Petitioner has not replied.

---

[1] **"SHCR-04"** refers to the State Habeas Clerk's Record in case number WR-39,596-04. "RR" followed by the volume number refers to the Reporter's Record.

## II. ANALYSIS

### A.   Unexhausted and Procedurally-Barred Claims

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008).

Petitioner did not adequately exhaust two of his ineffective assistance of counsel claims (that counsel failed to obtain exculpatory evidence from law enforcement, and that he failed to object to testimony regarding State's Exhibit 7) by presenting them in his state habeas application. *Compare* Doc. 3 at 7, 11, 14-21[2] with SHCR-04 at 15, 32-36. Because the claims were not properly presented to the highest court in Texas, Petitioner's failure to exhaust constitutes a procedural default that bars this Court from considering them. *Morris*, 413 F.3d at 491-92; *Ries*, 522 F.3d at 523-24. Moreover, Petitioner has not demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the

---

[2] Document 3 includes both the federal petition and memorandum in support.

Court were to refuse to consider his claims.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), modified by *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012).  It is apparent from review of the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, and simply failed to do so.  Therefore, Petitioner's claims, that trial counsel rendered ineffective assistance for failing to obtain exculpatory evidence and to object to testimony regarding exhibit 7, should be dismissed with prejudice as unexhausted and procedurally barred.

Although not raised by Petitioner, the United States Supreme Court recently held that the limited exception to procedural default recognized in *Martinez* applies in Texas.  *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 1921 (2013).  However, Petitioner has not shown that his underlying, unexhausted/procedurally-barred claims are "substantial" claims of ineffective assistance of counsel.  *See Martinez*, 132 S. Ct. at 1319 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.") (citing Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standard for issuing a certificate of appealability)).  His contention that counsel failed to obtain exculpatory evidence from law enforcement is conclusory.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").  In addition, contrary to Petitioner's assertion, counsel was not required to make a meritless objection to the testimony regarding Exhibit 7, the photograph of the truck's ignition.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").  And as noted

below, the testimony of the commercial driver and the two police officers was admissible either as a lay or an expert opinion.

**B.     Remaining Claims Lack Merit**

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Petitioner has the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is "difficult to meet," as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  The deferential standard of review applies even where the state court, as in this case, summarily denied the state application.  *See Richter*, 131 S. Ct. at 785 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Moreover, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*,___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is

whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

<u>Failure to Conduct an Adequate Investigation and Call Witnesses</u> (Claim 1)

Petitioner asserts defense counsel did not adequately investigate Maria and Enrique Rodriguez, who he claims were "eyewitnesses" to an extraneous offense, and call them to testify. (Doc. 3 at 15-16). He also alleges counsel failed to call an expert witnesses or "any other defense witness." *Id.* at 7, 13, 19.

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. His assertion that counsel failed to investigate is unsupported and conclusory. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have

altered the outcome of the trial"). Apart from Exhibit C, a synopsis of the events leading to the extraneous offense (Doc. 3 at 30-32), Petitioner does not explain, much less establish, what an investigation of Maria and Enrique would have uncovered. Nor does he present any evidence that Maria and Enrique were available and willing to testify, and that their testimony would have been favorable. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) ("[T]o demonstrate the requisite Strickland prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified at trial.") (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).

The same applies to the claim that counsel failed to call an expert witness. (Doc. 3 at 7). Petitioner asserts that an expert witness could have "challenge[d] the testimonies of the state's witnesses on the true identity of the evidence alleged by the state" and testified regarding "the validity of the state's exhibit number 7, the alleged ignition of the truck." *Id.* at 13, 19. However, Petitioner again has presented no evidence that an expert would have testified at trial and that the testimony would have been favorable. Moreover, as Respondent correctly notes, defense counsel's decision not to hire or call an expert witness is entitled to deference as reasonable trial strategy. *See Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993) (counsel's decision not to hire an expert fell "within realm of trial strategy").

Likewise, the bare assertion that defense counsel failed to call "any witnesses in Petitioner's defense" (Doc. 3 at 7) is wholly conclusory. In fact, neither his petition nor the brief present any argument or evidence in support of this claim. (Doc. 3 at 7). Therefore, Petitioner's allegation cannot form the basis for section 2254 relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011

(5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

Petitioner has not demonstrated that the state court's decision rejecting his ineffective-assistance-of-counsel claims was contrary to or an unreasonable application of clearly established federal law.  Accordingly, these claims fail.

Admission of State's Exhibit 7 and Related Witnesses' Testimony (Claim 2)

Next, Petitioner asserts the trial court erred in admitting State's Exhibit 7, a photograph of the ignition of the truck, and three State witnesses' testimony regarding the photograph.  (Doc. 3 at 7; 11-12).  He claims the photo was "actually a picture of two toggler [sic] switches that operate the lights," and the trial court did not recognize the witnesses as experts in the area of "certified mec[h]anic." *Id.* at 11-12.  According to Petitioner, "the false evidence . . . with the false testimonies caused him "[u]ndue [p]rejudice . . . exposing the jury to evidence that [was] persuasive but inadmissible and arouses the emotions," which caused the jury to abandon "calm[] and logical reasoning." *Id.* 12.

Petitioner cannot establish that the trial court's decision to admit the evidence and testimony amounted to a federal constitutional violation, or rendered his trial fundamentally unfair.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (It is not "the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (even if admission of evidence amounts to constitutional error, habeas claim still

fails if petitioner cannot show that the evidence had substantial and injurious effect or influence in determining jury's verdict).

Here, as Respondent correctly asserts, there was no state law error and Petitioner offers no argument in support of any constitutional violation.  The testimony of the commercial driver, to whom the truck was issued when it was stolen, and of the two law enforcement officers, who recovered and searched the stolen truck, was based on their experiences and personal knowledge of the ignition depicted in the picture.  *See* 4 RR 8, 18-19, 25, 42, 50, 58-61, 70-71.  Thus, their testimony was admissible as lay or expert opinion. *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) (holding that observations not based on scientific theory or requiring significant experience to interpret may be admitted as lay opinions even if the witness has experience).  Nevertheless, Petitioner's conclusory assertion that the picture and testimony were false, because exhibit 7 depicted "toggle[] switches that operate the lights" and not the truck's ignition, is insufficient to establish that his trial was rendered unfair.  (Doc. 3 at 7, 11-12).  The record does not support his contention that the picture and testimony were false.  *Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

The state court's denial of this ground was not contrary to or an unreasonable application of clearly established federal law.  Accordingly, this claim also fails.

Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing "to develop[e] the record upon his claim[s]." (Doc. 3 at 22).  However, "review under § 2254(d)(1) is limited to the record that was before the

state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED July 24, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE